IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF WEST VIRGINIA

USHA SANGANI,

    Plaintiff,

v.

PROFICIENT BUSINESS SYSTEMS, INC.,
DELOITTE CONSULTING EXTENDED
BUSINESS SERVICES, LLC., DELOITTE
CONSULTING L.P., DELOITTE CONSULTING LLP,
and DELOITTE CONSULTING PRODUCT SERVICES, LLC,

    Defendants.

Civil Action No. 2:12-9143

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Usha Sangani makes and files her Complaint against Defendants Proficient Business Systems, Inc., Deloitte Consulting Extended Business Services, LLC, Deloitte Consulting L.P., Deloitte Consulting LLP, and Deloitte Consulting Product Services, LLC, as follows:

### PARTIES

1. Plaintiff is a resident of Charleston, Kanawha County, West Virginia.

2. Defendant Proficient Business Systems, Inc. ("ProBys") is a Delaware corporation with its principal place of business in Vernon Hills, Illinois. ProBys does business in Charleston, Kanawha County, West Virginia.

3. Defendant Deloitte Consulting Extended Business Services, LLC is a Delaware limited liability corporation with its principal place of business in New York,

New York. Defendant Deloitte Consulting Extended Business Services, LLC does business in Charleston, Kanawha County, West Virginia.

4. Defendant Deloitte Consulting L.P. is a Delaware limited partnership with its principal place of business in New York, New York. Defendant Deloitte Consulting, L.P. does business in Charleston, Kanawha County, West Virginia.

5. Defendant Deloitte Consulting LLP is a Delaware limited liability partnership with its principal place of business in New York, New York. Defendant Deloitte Consulting LLP does business in Charleston, Kanawha County, West Virginia.

6. Defendant Deloitte Consulting Product Services, LLC is a limited liability corporation with its principal place of business in New York, New York. Defendant Consulting Product Services, LLC does business in Charleston, Kanawha County, West Virginia.

7. Upon information and belief, Defendants Deloitte Consulting Extended Business Services, LLC, Deloitte Consulting L.P., Deloitte Consulting LLP, and Deloitte Consulting Product Services, LLC, (each or all of whom are hereafter referred to as the "Deloitte Defendants") comprise an integrated enterprise in that they (1) share management services; (2) share payroll and insurance programs; (3) share services of managers and personnel; (4) share use of office space, equipment and storage; (5) operate their respective entities as a single unit; (6) have common management, common officers, and common boards of directors; (7) share a centralized source of authority for development of personnel policies; (8) share personnel records and screens and tests for applicants for employment; (9) share a human resource department; (10) have inter-company transfers and promotions of personnel that are common; (11) share the same

persons who make the employment decisions for such entities; (12) share common persons who own or control the subject entities; (13) share common officers and directors; and/or (14) have common stock ownership. Such entities share a local office address of 209 West Washington Street, Charleston, West Virginia. Such entities have common management, interrelation between operations, centralized control of labor relations, and a substantial degree of common ownership and financial control.

8. At all times relevant hereto, Defendants were acting through their agents, supervisors, directors, officers, employees and assigns.

## JURISDICTION AND VENUE

9. Plaintiff asserts the claims herein pursuant to the West Virginia Human Rights Act, W.Va. Code §5-11-1 *et. seq.* This Court has diversity jurisdiction over her claims pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of West Virginia and the Defendants are citizens of other States. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper, as each of the Defendants does business in Charleston, Kanawha County, West Virginia, in the Southern District of West Virginia.

## FACTS

11. Plaintiff was hired by ProBys on May 1, 2001, to provide full-time services as a computer consultant to Probys by "undertaking an assignment at the ProBys specified client site, such services to be specified by [ProBys's] Client." Pursuant to the terms of her employment agreement with ProBys, Plaintiff was to "work at all times under the direction and control of [ProBys's] Client," and ProBys was to pay Plaintiff for

such services and to provide vacation pay to Plaintiff. If Plaintiff was to be absent from work due to sickness or accident, she was to notify both ProBys and the Client's authorized representative.

12. The "Client" to whom Plaintiff was assigned by ProBys in May of 2001 was one or more of the Deloitte Defendants. From May of 2001 until approximately March of 2012, Plaintiff worked in Deloitte's offices at 1012 Kanawha Boulevard East in Charleston, West Virginia, 25301, under the direction and control of the Deloitte Defendants' supervisors. Pursuant to the terms of her employment, any work product arising from the assignment, and all proprietary rights to and embodiments of such work product, was from the moment of its creation vested in and belonging exclusively to the Deloitte Defendants "as work made for hire."

13. Pursuant to the terms of her employment, the Deloitte Defendants could remove Plaintiff "for cause," resulting in the termination of her employment with ProBys. Thus, ProBys and the Deloitte Defendants, exercised sufficient control over Plaintiff's employment as joint employers.

14. Plaintiff was employed with ProBys and the Deloitte Defendants for approximately eleven years when she was abruptly and unlawfully discharged by them in March of 2012 violation of the West Virginia Human Rights Act, W.Va. Code Section 5-11-9, in March of 2012.

15. In August and/or September of 2011, Plaintiff notified her Deloitte supervisor that she was experiencing health complications with her knee. The complications were so disabling that Plaintiff had to have knee surgery in October of

2011 and to miss several weeks of work following the surgery. In her absence, her work was reassigned by the Deloitte Defendants to another employee.

16. Upon Plaintiff's return to work, she continued to require physical therapy for her knee. The Defendants discriminated against Plaintiff by continuing to assign Plaintiff's usual work to other employees and by refusing to assign Plaintiff available work to do. When Plaintiff requested her usual work and/or any additional work, her requests were denied.

17. In January of 2012, Plaintiff had to have another procedure on her knee related to the same disability. Again, Plaintiff was denied available work upon her return to work, although she made several requests that she be given work to do.

18. As a result of her disability, Plaintiff required continuous physical therapy for her knee.

19. In March of 2012, after Plaintiff had devoted eleven years of competent and loyal service, Defendants abruptly fired her from her job without any warning whatsoever. As a reason for her termination, Defendants only stated to Plaintiff, "you have not been productive." Plaintiff had not received any prior verbal or written warning related to her job performance.

**COUNT I: VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT FOR DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE**

20. Plaintiff reincorporates each of the foregoing paragraphs 1-19 as if each were restated herein.

21. At all relevant times herein, Defendants were individually and jointly an "employer" within the meaning of West Virginia Code Section 5-11-3(d).

22. At all relevant times herein, Plaintiff was a person with a "disability" within the meaning of West Virginia Code Section 5-11-3(m). Specifically, Plaintiff:

(1) suffered from disease in her knees that substantially limited a major life activity;

(2) has a record of such impairment(s); and/or

(3) was regarded by Defendants as having such impairment (s).

23. Plaintiff was otherwise qualified to perform the essential functions of her job.

24. By and through their unlawful conduct, Defendants failed to accommodate Plaintiff and discriminated against Plaintiff in violation of the West Virginia Human Rights Act by:

(1) reassigning a substantial portion of her usual work to other employees and then failing to provide Plaintiff with such work or additional work upon her return to work on two separate occasions;

(2) to the extent that Plaintiff's work or job duties had been effectively eliminated by Defendants, failing to make reasonable accommodation for her by considering other reasonable accommodations that existed such as different assignments or other available positions; and

(3) discharging Plaintiff based upon her disability as defined in paragraph 22, above, while at the same time, providing more favorable treatment to individuals who were not disabled.

25. As a result of Defendants' unlawful and malicious conduct, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, embarrassment, and other damages.

26. As a result of Defendants' unlawful and malicious conduct, Plaintiff is entitled to unmitigated front pay.

27. As a result of Defendants' unlawful, intentional, malicious and/or reckless conduct, Plaintiff is entitled to punitive damages.

28. Plaintiff is also entitled to recover her attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) That she be entitled to a trial by jury;

(b) That she be awarded lost wages and benefits;

(c) That she be awarded unmitigated front pay under West Virginia Human Rights Act;

(d) That she be awarded damages for emotional distress, humiliation, and embarrassment under the West Virginia Human Rights Act;

(e) That she be awarded punitive damages under the West Virginia Human Rights Act;

(f) That she be awarded her reasonable attorneys fees and costs for having to bring this action;

(g) That she be awarded pre-judgment and post-judgment interest thereon; and

(h) That she be awarded such other relief as this Court may deem as just and equitable.

**USHA SANGANI**

By Counsel

_____
Maria W. Hughes, Esq. (State Bar No. 7298)
Mark Goldner (State Bar No. 11286)
HUGHES & GOLDNER, PLLC
One Bridge Place, Floor 5
10 Hale Street
P.O. Box 11662
Charleston, WV 25339
(304) 400-4816
(304) 205-7729 facsimile
maria@wvemploymentrights.com
*Counsel for Plaintiff*